UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CECIL ELMORE JR.,<br><br>                  Plaintiff,<br><br>-against-<br><br>UNIVERSAL SERVICES OF AMERICA, LP; GWIS, LLC; JOEL TANNER; KYLE JOHNSTON; ADAM DOENCH; JUSTIN OSTENSTEN; DEREK OSTENSEN; DEREK OSTENSEN AND ASSOCIATES LLC; KAREN ARMSTRONG; CHRISTI STEWART,<br><br>                  Defendants. | 1:24-CV-5808 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Cecil Elmore Jr., who alleges that he is a citizen of the State of New York, filed this *pro se* complaint on July 26, 2024. Plaintiff identifies himself as African American, and alleges that he was "in a contract" with Defendants to be hired as an actor, and that Defendants terminated the contract because of his race and offered him "hush money" to improperly resolve the matter. (ECF 1 ¶¶ 1, 22-28.)

Invoking the court's federal question jurisdiction and diversity jurisdiction, Plaintiff asserts race discrimination claims under 42 U.S.C. § 1981, and Title VII of the Civil Rights Act, 42 U.S.C. 2000e. The complaint could also be construed as asserting a breach-of-contract claim under state law. All the named Defendants are citizens of California: Universal Services of America, LP; GWIS, LLC; Joel Tanner; Kyle Johnston; Adam Doench; Justin Ostensten; Derek Ostensen; Derek Ostensen and Associates LLC; Karen Armstrong; and Christi Stewart. Plaintiff seeks damages, injunctive relief, and declaratory relief. For the following reasons, the Court transfers this action to the United States District Court for the Central District of California.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that all Defendants are citizens of California, and thus venue is not proper in this court under Section 1391(b)(1). As Plaintiff asserts nothing to suggest that any of the alleged events occurred within this judicial district, this court does not appear to be a proper venue for this action under Section 1391(b)(2).[1]

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

---

[1] Plaintiff previously filed a similar complaint arising out of the same events in the United States District Court for the Northern District of California. In that action, he alleged that the underlying events occurred in a location within the Central District of California. *See Elmore v. Univ. Svcs. of Am.*, No. 24-CV-4388 (N.D. Cal. July 12, 2024), ECF 1 ¶ 5. That matter was voluntarily dismissed without prejudice. *Id.*, ECF 15.

(4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate for this action. The addresses Plaintiff provides for Defendants –in Santa Ana, Laguna Beach, and Newport Beach – are located in Orange County, California, falling within the Central District of California. *See* 28 U.S.C. § 84(c)(3), and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Central District of California, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 10, 2024
          New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge